[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The defendant-appellant, Adolfo Sanchez, appeals from his conviction for driving under the influence of alcohol, a violation of R.C. 4511.19(A)(3). The conviction was in response to a plea of no contest. After finding it to be his second DUI offense, the trial court sentenced Sanchez to 180 days in jail and suspended all but ten days on the condition that he seek alcohol treatment and complete a ten-day term at the Talbert House driver's intervention program. The court also suspended Sanchez's driver's license for two years and imposed a fine of $350.
 {¶ 3} In his sole assignment of error, Sanchez argues that the trial court erred in failing to dismiss the DUI charge against him based upon his argument that there was no probable cause for his arrest. We disagree. Sanchez was discovered at approximately 7:30 on the morning of his arrest asleep in his car, which was parked on a public road, blocking the driveway of a residence and jutting marginally into the road. The officer who responded to the call of the owner of the house found Sanchez sleeping in the driver's seat with the keys in the ignition. The officer observed an open can of beer on the outside of the vehicle and an additional three to four cans inside the vehicle. After Sanchez was roused from his slumber, the officer noticed an odor of alcohol emanating from the vehicle as Sanchez stepped out onto the street.
 {¶ 4} Sanchez produced a Social Security card when asked for identification. Using the identification, the officer discovered that Sanchez was under a driving suspension and placed him under arrest for that offense. Although still concerned that Sanchez had also been driving under the influence, the officer and his colleagues delayed further investigation until they had cleared the road and transported Sanchez to a police station.
 {¶ 5} At the station, Sanchez was read his Miranda rights, but he refused to sign them. Sanchez also refused to submit to any sobriety testing, although it is unclear from the record whether his refusal was due to Sanchez's difficulties understanding English. Sanchez was nonetheless arrested for DUI based upon what the officer described as "visual cues." After his arrest, Sanchez was advised that administrative suspension of his driver's license would result from his refusal to submit to a breathalyzer test, and it was the officer's opinion that he understood what was read to him. Sanchez then agreed to take a breath-alcohol test, which registered a reading of .138.
 {¶ 6} On appeal, Sanchez argues that his arrest for DUI was without probable cause. We are not persuaded. It is well settled that, even absent field-sobriety testing, the totality of the circumstances may create sufficient indicia that the defendant has been driving under the influence. State v. Holman (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d 952. The ultimate issue is whether such indicia are sufficient to cause a prudent person to believe that the offense has been committed. Id. We review such a question de novo based upon the factual findings of the trial court, provided that they are not clearly erroneous. Ornelas v.United States (1996), 517 U.S. 690, 116 S.Ct. 1657; State v. Evans
(2001), 144 Ohio App.3d 539, 760 N.E.2d 909.
 {¶ 7} Here, we are convinced that the officer's personal observations were sufficient to establish probable cause. The vehicle was parked on a public road, impinging on the path of travel and blocking a private driveway, with Sanchez asleep at the wheel, the keys in the ignition, and beer bottles inside as well as outside the vehicle, not to mention the smell of alcohol palpable once the door was open. Under these circumstances, it would have been difficult to avoid the conclusion that Sanchez had been driving while under the influence, and that he had stopped at such a bizarre, unadvisable location because his judgment had become significantly impaired. Indeed, not to have arrived at this conclusion would have been an act of willful ignorance.
 {¶ 8} Sanchez also argues that the record does not support the conclusion that he understood the ALS implied-consent form. Having reviewed the transcript, however, we cannot conclude that the trial court was "clearly erroneous" when it failed to be persuaded by this argument below and implicitly found instead that he had understood the form. In this regard, we note that Sanchez did, apparently, ask questions concerning the form according to the officer who had read it to him. Sanchez, it should be pointed out, did not testify at the suppression hearing, so there was no testimony from him of what was going through his mind at the time he was read the consent form.
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., GORMAN and WINKLER, JJ.